FILOMENA MIGLIACCIO, ADMINISTRATRIX, ETC., RESPONDENT, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Decided April 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Henry H. Fryling* and *William H. Speer*.

For the respondent, *Alfred Brenner* and *Thomas J. Brogan*.

PER CURIAM.

The plaintiff's decedent in January, 1920, while riding in an automobile belonging to one Pepe, was injured in a collision between it and a trolley car of the defendant company. At the time of the accident he was a strong healthy man. The injuries received by him were serious, and he never regained his strength. Some months after the happening of the accident he developed tuberculosis, from which disease he died on the 20th of April, 1921. The present suit is brought under the "Death act" and is based upon the claim that decedent's death resulted from the injuries received by him in

the collision. The case was left to the jury upon this theory and they rendered a verdict in favor of the plaintiff. From the judgment entered thereon the present appeal is taken, the claim being that the trial court erroneously refused to direct a nonsuit, the motion for such direction being based upon the claim that decedent's death from tuberculosis was not the natural and probable result of the accident.

The present judgment was entered upon a second trial of this action. The first trial resulted in a verdict for the plaintiff and from the judgment entered thereon an appeal was taken to this court. The judgment was reversed upon the ground that even if the proofs justified the conclusion that the deceased became infected with tuberculosis because of lowered vitality due to the accident, such a result could not reasonably have been foreseen by the defendant and was not the natural and probable consequence of the wrongful act of the defendant, and that this being so the latter was not responsible for the death of plaintiff's decedent. 101 *N. J. L.* 496. The judgment of reversal by this court was affirmed by the Court of Errors and Appeals. 102 *Id.* 442. The proofs submitted at the second trial, which resulted in the judgment now before us for review, were practically identical with those submitted at the first trial so far as this fundamental rule of liability is involved. The refusal to direct a nonsuit by the trial court was in plain disregard of the action of the Court of Errors and Appeals to which we have referred. That decision is controlling upon lower courts, and the failure to observe its mandate was legal error.

For the reason indicated the judgment under review will be reversed.